# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRAIG D. PRICE,<br><br>Plaintiff,<br><br>v.<br><br>UBS FINANCIAL SERVICES, INC.,<br><br>Defendant. | Civ. No. 2:17-01882<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Craig D. Price brings this action against UBS Financial Services, Inc. ("Defendant"), alleging claims of whistleblowing retaliation under the Wall Street Reform and Consumer Protection Act ("Dodd–Frank"), 15 U.S.C. § 78u–6, and the Florida Whistleblower Act (the "FWA"), Fla. Stat. § 448.102. This matter comes before the Court on Defendant's motion to lift the Court-imposed stay of proceedings and dismiss Plaintiff's Dodd–Frank claim with prejudice. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendant's motion is **GRANTED**.

## I. BACKGROUND

The Court assumes the parties' familiarity with the facts and procedural history of the case and writes solely for their benefit. The Court previously decided the merits of Defendant's motion to dismiss, denying dismissal of the FWA claim but staying the Dodd-Frank claim pending a decision by the Supreme Court in *Digital Realty Trust, Inc. v. Somers*. ECF Nos. 19 & 20. On February 21, 2018, the Supreme Court issued its opinion in *Digital Realty*, holding that the anti-retaliation provision of Dodd–Frank does not extend to an individual who has not reported a violation of the securities laws to the Securities and Exchange Commission ("SEC") and therefore falls outside of the Dodd–Frank definition of "whistleblower." *See Digital Realty Trust, Inc. v. Somers*, 138 S. Ct. 767, 772 (2018).

Defendant now moves the Court to lift the stay and dismiss Plaintiff's Dodd–Frank claim with prejudice because Plaintiff did not provide any information of a securities violation to the SEC prior to his termination. *See* Def.'s Mot. to Lift the Stay ("Def.'s Mot.") ¶ 10, ECF No. 32-1. Defendant argues that testifying before the Financial Industry Regulatory Authority ("FINRA") does not equate to providing information to the SEC as required by the Dodd–Frank definition of "whistleblower." *Id*. ¶¶ 7–8.

Plaintiff opposes dismissal of his Dodd–Frank claim, arguing that he is a whistleblower under Dodd–Frank because the SEC oversees FINRA, including overseeing FINRA's rulemaking process and disciplinary proceedings. *See* Pl.'s Resp. to Def.'s Mot. to Lift Stay ("Pl.'s Opp'n") ¶ 6, ECF No. 36. In other words, Plaintiff contends that his disclosures to FINRA "should, at this early stage of the case, be taken as protected activity under Dodd–Frank and *Digital Realty* because FINRA acts with the authority of SEC." *Id.* ¶ 7. In the alternative, Plaintiff proffers that he can amend his complaint "to add facts that demonstrate that he did report directly to the SEC the activity of [Defendant] to Melchior prior to the filing of his lawsuit, although after his termination." *Id.* ¶ 8.

In its reply, Defendant responds that FINRA is not the SEC, a division of the SEC, or a component of the government at all and Plaintiff's testimony, therefore, cannot satisfy the definition of "whistleblower." *See* Def.'s Reply in Supp. of Its Mot. to Lift the Stay ("Def.'s Reply") 1, ECF No. 37. Defendant also argues that the *Digital Realty* holding expressly rejects Plaintiff's contention that he can claim whistleblower protection because he engaged in other activity protected by a subsection of Dodd–Frank. *Id.* at 1–2. Finally, Defendant argues that any attempt by Plaintiff to amend his complaint would be futile because Plaintiff only reported information to the SEC after his termination. *Id.* 2–3.

## II. LEGAL STANDARD

The Court hereby lifts the stay and applies the same legal standard that it did to Plaintiff's FWA claim. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do*." Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." Id.

## III. DISCUSSION

The Supreme Court was unequivocal in holding the following:

> The question presented: Does the anti-retaliation provision of Dodd–Frank extend to an individual who has not reported a violation of the securities laws to the SEC and therefore falls outside the Act's definition of "whistleblower"? We answer that question "No": To sue under Dodd–Frank's anti-retaliation provision, a person must first "provid[e] . . . information relating to a violation of the securities laws to the Commission.

*Digital Realty*, 138 S. Ct. at 772–73 (citations omitted). It further noted that the "core objective of Dodd–Frank's robust whistleblower program . . . is to motivate people who know of securities law violations to *tell the SEC*." *See id*. at 777 (internal quotations and citations omitted). "In sum, Dodd–Frank's text and purpose leave no doubt that the term 'whistleblower' in § 78u–6(h) carries the meaning set forth in the section's definitional provision." *Id*. at 778. Consequently, "[t]he disposition of this case is therefore evident: [plaintiff] did not provide information 'to the Commission' before his termination, § 78u–6(a)(6), so he did not qualify as a 'whistleblower' at the time of the alleged retaliation. He is therefore ineligible to seek relief under § 78u–6(h)." *See id*.

The same outcome must follow here. Plaintiff does not allege that he reported any information to the SEC prior to his termination. His testimony to FINRA plainly does not meet the statutory requirement and he, therefore, is not a whistleblower under Dodd–Frank. Furthermore, any attempt to amend his complaint with facts stating that he disclosed information to the SEC *after his termination* would be futile. As the Supreme Court made clear, the purpose of Dodd–Frank whistleblower protections is to incentivize individuals like Plaintiff to come forward and provide information of securities law violations to the SEC. *See id*. at 777–78. Here, Plaintiff did not come forward until well after the fact of the alleged securities violations, his testimony to FINRA and his own termination. Plaintiff had ample time between when he first learned of the violations and his termination to report the misconduct to the SEC, but he chose not to. The Court, therefore, finds that Plaintiff does not meet the definition of "whistleblower" under Dodd–Frank. Accordingly, Plaintiff's Dodd–Frank claim is **DISMISSED WITH PREJUDICE**.

### IV. CONCLUSION

For the reasons stated above, Defendant's motion to lift the stay and dismiss Plaintiff's Dodd-Frank claim is **GRANTED** and Plaintiff's Dodd-Frank claim is **DISMISSED WITH PREJUDICE**. An appropriate order follows.

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: April 19, 2018**